UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Telluride Asset Management, LLC          Civil No. 04-4862 (JMR/FLN)

    Plaintiff,

v.          **REPORT AND RECOMMENDATION**

Bridgewater Associates, Inc.,

    Defendant.

_____

Russel Rigby, for Plaintiff.
Timothy Regan, Adam Gislason, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 27, 2005, on Defendant's Motion for Partial Dismissal [#34]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Defendant's Motion be denied.

### I. BACKGROUND

In Count I of its Complaint, Plaintiff Telluride Asset Management, LLC, ("Telluride") seeks a declaratory judgment that it has not misappropriated the trade secrets of Defendant Bridgewater Associates, Inc. ("Bridgewater"). In Count II of its Complaint, Telluride alleges a claim of tortious interference with contractual relations against Bridgewater. Bridgewater moves to dismiss Count II of the Complaint.

The dispute underlying the tortious interference claim began on November 3, 2003, when Telluride hired a former Bridgewater employee, Mr. Vivin Oberoi, pursuant to an at-will employment contract. Complaint ¶¶ 5, 31. On November 13, 2003, Bridgewater sent a letter to

-1-

Oberoi stating that Oberoi's association with Telluride violated the terms of his non-compete covenant in his employment contract with Bridgewater, and entailed the use of Bridgewater's confidential information, in violation of Oberoi's employment contract and his "continuing fiduciary duties to Bridgewater." Id. at ¶ 11; Gordon Aff. Ex. 4.

An attorney representing Telluride and Oberoi responded to the November 13 letter. He objected that the non-compete clause was invalid and unenforceable under Connecticut law, and stated that Telluride had taken steps to ensure that Oberoi would not inadvertently disclose any of Bridgewater's confidential information.[1] See Rigby Dec. Ex. 3, Ex. 1 at ¶ 13; Gordon Aff. Ex. 5.

In January 2004, Bridgewater filed suit against Telluride and Oberoi in the United States District Court for the District of Connecticut ("the Connecticut action"). Bridgewater alleged that Telluride and Oberoi had violated the Connecticut Uniform Trade Secrets Act ("CUTSA") and the Connecticut Unfair Trade Practices Act, and that Oberoi had breached his employment agreement with Bridgewater. The Connecticut court held a preliminary injunction hearing in February, 2004, and entered an injunction based on threatened misappropriation of trade secrets prohibiting Oberoi from using or disclosing any of Bridgewater's trade secrets. Rigby Aff. Ex. 1 at ¶¶ 20-21. The Connecticut court did not enjoin Oberoi from continuing his work at Telluride and did not enjoin Telluride in any way. Id. Following the commencement of discovery in the Connecticut action, Telluride alleges that it suspended Oberoi from employment pending review of Bridgewater's discovery responses and documents, and reinstated him on February 1, 2005.

---

[1] The non-compete provision in Oberoi's contract with Bridgewater provided:
> [Oberoi] shall not, directly or indirectly, enter into, or in any manner take part in any business, profession or other endeavor either as an employee, agent, independent contractor, owner or otherwise which in the opinion of the President of [Bridgewater] shall be in direct competition with the business of [Bridgewater], which opinion of the President shall be conclusive for the purposes hereof.

Rigby Aff. Ex. 1 at ¶ 33.

After the Connecticut court dismissed Telluride for lack of personal jurisdiction, Telluride brought suit in this Court, alleging in Count II of the Complaint, that Bridgewater's November 13 letter constitutes an unjustified interference with Telluride's contract with Oberoi under Minnesota law. Bridgewater moves to dismiss Count II for failure to state a claim as a matter of law. Bridgewater contends that Telluride cannot prevail on a claim for tortioius interference with contractual relations because Telluride cannot prove that Bridgewater intentionally procured the breach of the employment contract between Telluride and Oberoi, and because Bridgewater's transmittal of the November 13 letter was justified.

## II. LEGAL ANALYSIS

### A.  Standard of Review

Bridgewater moves to dismiss the Count II of the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal

conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

### B. Tortious Interference with Contractual Relations

A cause of action for tortious interference with a contractual relationship requires five elements: 1) the existence of a contract; 2) the alleged wrongdoer's knowledge of the contract; 3) intentional procurement of its breach; 4) without justification; and 5) damages.  Kallok v. Medtronic, Inc., 573 N.W.2d 356, 362 (Minn. 1998) citing Kjesbo v. Ricks, 517 N.W.2d 585, 591 (Minn. 1994). A successful claim requires proof of all five elements.  Flora v. Firepond, Inc., 260 F. Supp. 2d 780, 789 (D. Minn. 2003) (citation omitted).  Here, Bridgewater contends that Telluride's claim fails because it cannot establish that Bridgewater intentionally procured the breach of the employment contract between Telluride and Oberoi; and because Telluride cannot establish that Bridgewater acted without justification.

#### 1. Telluride Need Not Allege Actual Breach of Contract

Bridgewater first argues that Telluride's claim for tortious interference fails as a matter of law because Telluride cannot demonstrate that Bridgewater's November 13 letter caused any breach of the at-will employment agreement between Telluride and Oberoi.  An actual breach, however, is not required for a tortious interference claim to exist.  A claim of "'Interference with Contract Relations' includes not merely the procurement of a breach of contract, but all invasion of contract relations."  Johnson v. Gustafson, 201 Minn. 629, 633, 277 N.W. 252, 254 (1938) (quoting 84 A.L.R. p. 52); see also Stephenson v. Plastics Corp. of America, Inc., 276 Minn. 400, 417, 150 N.W.2d 668, 680 (Minn. 1967); Oak Park Dev. v. Snyder Bros., 499 N.W.2d 500, 505-06 (Minn. App. 1993) (any interference is actionable if a binding contract was in existence, even if the contract is terminable at will) (citation omitted); A&L Laboratories, Inc. v. Bou-Matic, LLC, 02-CV-4862

(PAM/RLE), 2003 WL 21005305, *3 (D. Minn., 2003) ("a tortious interference claim may lie when a rival attempts to secure the breach of a contract, not merely when such a breach actually happens"). Here then, Telluride need not allege an actual breach of contract for a tortious interference claim to exist. Instead, Telluride need only allege that Bridgewater interfered with the contractual relations between Telluride and Oberoi by making the performance of Oberoi's employment contract more burdensome or difficult, or by rendering its performance of less value to Telluride. See Stephenson, 276 Minn. at 417, 150 N.W.2d at 680; Johnson 201 Minn at 633, 277 N.W. at 254.

### 2. Telluride Has Sufficiently Alleged that Bridgewater Interfered with Its Contractual Relations

In its Reply Memorandum, Bridgewater argues that Telluride's claim fails because it cannot demonstrate that Bridgewater interfered with its contractual relations with Oberoi. See Bridgewater Reply Mem. p. 5-6. It argues that the November 13 letter was a non-event; that Telluride suspended Oberoi eight months later to review discovery responses in the Connecticut action, not as a result of the November 13 letter.[2] The Court disagrees, and finds Telluride's allegations of interference sufficient to withstand a motion to dismiss under Rule 12.

Telluride alleges that Bridgewater attempted to secure a breach of the employment contract between Telluride and Oberoi. It contends that because the non-compete provision was facially invalid, the November 13 letter constitutes an unjustified interference with Telluride's contract with

---

[2] Bridgewater argues that insofar as Telluride's claim is based on the initiation of the Connecticut action, it is barred by the Noerr-Pennington doctrine, based on Bridgewater's First-Amendment right to petition the government. See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961) and United Mine Workers of America v. Pennington, 381 U.S. 657 (1965). Telluride, however, does not argue that Bridgewater's filing of the complaint in the Connecticut action is the only tortious activity underlying Count II. The application of the Noerr-Pennington doctrine to this case is outside the purview of the instant motion, which requires the Court to analyze only whether Bridgewater can prove any set of facts that would entitle it to relief.

Oberoi; that Bridgewater's interference was intentional and malicious; and that Telluride suffered damages as a result, including the loss of Oberoi's services. See Telluride's Mem. p. 6, citing the Complaint at ¶¶ 42-46. At this juncture, the Court cannot definitively conclude that Telluride is unable to prove as a matter of law that Bridgewater interfered with its contractual relations. Under the deferential standard noted above, Telluride has sufficiently alleged that Bridgewater interfered with its contractual relations, and that it suffered damages as a result.[3]

### 3. Telluride Has Sufficiently Alleged the Absence of Justification

Bridgewater also argues that Telluride's tortious interference claim should be dismissed because Bridgewater was justified in transmitting the November 13 letter. Bridgewater argues that it sent the letter, in good faith, to preserve the confidentiality and value of its trade secrets, and because Oberoi's employment at Telluride threatened irreparable harm. Therefore, Bridgewater concludes, the transmittal was justified and Telluride cannot prove the absence of justification (fourth element of the claim).

Ordinarily, whether interference is justified is an issue of fact, and the test is what is reasonable under the circumstances. Kjesbo, 517 N.W.2d 585, 588 (Minn. 1994) (citations omitted). The burden of proving justification is on the defendants. Id. (citations omitted); see also Kallok, 573 N.W.2d at 363.

Here, Bridgewater bears the burden of proving its actions in sending the November 13 letter were justified. Bridgewater's argument that Telluride's claim fails because Telluride cannot prove

---

[3] In its Reply Memorandum, Bridgewater argues that Telluride's claim should be dismissed because it cannot establish it suffered damages as a result of Bridgewater's actions. See p. 7-8. The Court disagrees. Telluride has sufficiently alleged damages. Telluride's proof of those damages should be assessed at trial or upon a motion for summary judgment.

absence of justification misstates the burden of proof. For the purposes of pleading, the fact that Bridgewater's actions were justified is not enough to warrant dismissal of Telluride's claim for tortious interference. See Midwest Great Dane Trailers, Inc. v. Great Dane Limited Partnership, 977 F.Supp. 1386 (D. Minn. 1997). Rather, Bridgewater bears the burden of proving justification, a question of fact, at trial.

In sum, Telluride has sufficiently alleged that Bridgewater interfered with its contractual relations with Oberoi, and that it suffered damages as a result. Telluride has also sufficiently alleged that Bridgewater acted without justification. Telluride has successfully pleaded a cause of action for tortious interference of contract, and Bridgewater's Motion to Dismiss Count II of the Complaint should be denied.

### III.  RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant's Motion for Partial Dismissal [#34] be **DENIED.**

DATED: July 8, 2005　　　　　　　　　　　　　　s/ *Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 27, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **July 27, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.